**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| DAMAKA, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00594-JRG |
| | § | |
| THE CIGNA GROUP, CIGNA HEALTH AND LIFE INSURANCE COMPANY, CIGNA HEALTHCARE OF TEXAS, INC., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Renewed Motion to Dismiss for Ineligibility Under 35 U.S.C. §101 (the "Motion") filed by Defendants The Cigna Group, Cigna Health and Life Insurance Company, and Cigna Healthcare of Texas, Inc. (together, "Cigna"). (Dkt. No. 33). In the Motion, Defendants seek to dismiss Plaintiff Damaka, Inc.'s ("Damaka") Complaint pursuant to 35 U.S.C. § 101. (*Id.* at 1). For the reasons stated herein, the Motion should be and hereby is **DENIED WITHOUT PREJUDICE**.

On May 30, 2025, Damaka filed suit against Cigna alleging infringement of U.S. Patent Nos. 9,027,032 (the "'032 Patent"), 9,578,092(the "'092 Patent"), 9,270,744 (the "'744 Patent"), 11,576,046 (the "'046 Patent"), and 11,930,362 (the "'362 Patent") (collectively, the "Asserted Patents"). (Dkt. No. 1). The Asserted Patents "generally cover methods for communication, and audio and video ('A/V') capabilities on computers (with 'computers' including mobile devices) and computer applications." (*Id*. at ¶ 17). The Asserted Patents share a common specification. (Dkt. No. 33 at 13).

Damaka filed its First Amended Complaint ("FAC") on September 12, 2025. (Dkt. No. 28). Cigna then filed the instant Motion to Dismiss on September 29, 2025. (Dkt. No. 33). Damaka filed its Response on October 23, 2025. (Dkt. No. 51). Cigna filed its Reply on November 10, 2025. (Dkt. No. 62). Damaka filed its Sur-Reply on November 17, 2025. (Dkt. No. 64).

Cigna argues that this case should be dismissed because the claims of the Asserted Patents are invalid for failure to claim patent-eligible subject matter under 35 U.S.C. § 101. (Dkt. No. 33 at 10–24). Cigna first alleges that claim 15 of the '032 Patent is representative of all asserted claims. (*Id.* at 13). Damaka does not dispute this in any of its responsive briefing. (*See* Dkt. Nos. 51, 64). Accordingly, the Court assumes for the purposes of this Motion that claim 15 of the '032 Patent is representative of all asserted claims. Cigna then argues that claim 15 of the '032 Patent fails *Alice* step one by claiming only "the desired result" of "identifying and displaying data without interruption…without describing any specific roadmap for doing so." *Id.* at 20. As for *Alice* step two, Cigna argues that claim 15 is "altogether devoid of any 'inventive concept'" such that the Asserted Patents are patent ineligible under § 101 because they "simply apply the same abstract concept of data identification and display." (*Id.* at 24).

Damaka responds that dismissal of the Asserted Patents for failure to claim patent-eligible subject matter at the 12(b)(6) stage is premature. (Dkt. No. 51 at 8–11). As for *Alice* step one, Damaka argues that Cigna fails to address the claimed arrangement of superblock and function block and, to the extent Cigna does address them, it oversimplifies them and ignores the actual scope of the claims. (*Id.* at 11). Regarding *Alice* step two, Damaka argues that even if the '032 Patent "were directed to an abstract idea" at *Alice* Step one, "the counterintuitive improvements in terms of battery life and processing power by running both [the superblock and function block] within a given memory is an inventive concept that would satisfy Step Two." (*Id.* at 15).

The parties additionally dispute whether claim construction is necessary to fully understand the inventive concept and scope of the claim terms in the Asserted Patents. Damaka asserts that the Court would benefit from claim construction because the scope of certain claim terms are disputed.[1] (Dkt. No. 51 at 8–10). Cigna argues that the "claims' functional language is clear on its face and recites only generic software operations carried out by conventional hardware." (Dkt. No. 62 at 6). Damaka responds that claim construction is necessary to reject "Cigna's implicit claim construction position that the 'superblock application' and 'function block' extend to any software components whatsoever." (Dkt. No. 64 at 3).

The Court is persuaded that claim construction could be beneficial in addressing the issues of eligibility of the Asserted Patents in this case. As this Court has previously noted, "[w]hile handling the issue of section 101 eligibility at the pleading stage is permissible, those issues are often inextricably tied to claim construction." *Pheonix Licensing, LLC v. CenturyLink, Inc.*, 2015 WL 5786582, at *3 (E.D. Tex. Sept. 30, 2015) (noting that "the need for claim construction is especially apparent ... where Defendants dispute the meaning of various terms among the various claims [they] purport to be representative of all Asserted Patents"). Here, Damaka and Cigna dispute the proper construction of at least two terms contained in all the Asserted Patents.

Accordingly, in light of the parties' claim construction disputes, the Court is of the opinion that the Motion should be and hereby is **DENIED WITHOUT PREJUDICE**. Cigna may reassert its § 101 position should it desire to do so after the Court issues its claim construction order. *See MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1375 (Fed. Cir. 2019) (finding that the "district court

[1] Specifically, Damaka cites disputes regarding the terms "superblock application" and "function block."

erred by failing to address the parties' claim construction dispute before" determining patent eligibility).

**So ORDERED and SIGNED this 25th day of September, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE